UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KENNETH F. DEYO, JR. and
MARLENE DEYO,
  Plaintiffs,

VS.

INTERNAL REVENUE SERVICE and
TREASURY INSPECTOR GENERAL
FOR TAX ADMINISTRATION
  Defendants.

:
:
:
:
:
:
:
:
:

FILED

2004 AUG -2  P 4:06

U.S. DISTRICT COURT

Civil No. 3:02cv85 (AVC)

## RULING ON THE DEFENDANTS' MOTION TO DISMISS

This is an action for damages and declaratory relief. It is brought pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, seeking review of an action by the Internal Revenue Service ("IRS") denying a taxpayer's claim for refund.

The IRS now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) for want of subject matter jurisdiction on the grounds that the plaintiffs never submitted a valid claim for refund. Moreover, the IRS maintains that dismissal is required because the IRS is a non-suable entity, and the United States in this instance is immune from suit pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Anti-Injunction Act, 26 U.S.C. § 7421.

For the reasons hereinafter set forth, the motion is granted.

**FACTS**

Examination of the complaint, pleadings, and affidavit accompanying the motion to dismiss, and the responses thereto, disclose the following undisputed, material facts.

In April 1998, the plaintiffs filed their 1997 income tax return, accompanied by their W-2 forms, in which they reported that they had received a total of $119,447.61 in wages, with $22,049.00 due in tax. Thereafter, the plaintiffs received a refund of $753.79. On March 26, 2001, they submitted a Form 1040X Amended U.S. Individual Income Tax Return for the year 1997 and requested a refund of all taxes withheld from their wages, that is, $22,049.00. On the form, the plaintiffs changed the amount of their gross income (wages, salaries, and tips) and taxable income to zero.

The plaintiffs also included a twelve-page statement explaining that they believed that the Internal Revenue Code did not establish an income tax liability and demanded that the IRS return to them the $22,049.00 that had been withheld. The plaintiffs claimed that in order for their income to be taxable, "the income must be derived from one of the taxable sources specified in [26 U.S.C. §] 861 and the regulations thereunder." The plaintiffs contended that since they "never received any income from the taxable sources specified in [§] 861 and its

regulations, they have never received taxable income . . . ." Thus, the plaintiffs argued that none of their income was taxable and the IRS should therefore refund all of their taxes.

On June 1, 2001, the IRS responded by letter to the plaintiffs, informing them that their claim for refund was frivolous and had no basis in law. The IRS warned the plaintiffs that if they did not correct their position within 30 days, the IRS would assess a $500 frivolous penalty against them pursuant to 26 U.S.C. § 6702. The IRS further warned the plaintiffs that an additional frivolous return penalty would be assessed for each additional document filed by the plaintiffs taking a frivolous position. In the letter, the IRS did not explain why it concluded that the claim was frivolous.

On June 23, 2001, the plaintiffs submitted a letter to the IRS, demanding that the IRS either issue the proposed refund or "forward the case to a district office in Connecticut, where a proper examination meeting can be arranged." In the letter, the plaintiffs asserted that even if their claim was frivolous, the IRS was still required to conduct a proper examination, and follow the same procedures required for examinations of valid refund claims and original returns.

The plaintiffs also "made numerous oral requests (and other written requests) to the IRS to transfer their case to their

3

local office," as well as numerous oral and written requests "for appeal of the proposed refund disallowance," "for post assessment appeal of the penalty," and for "penalty abatement via Form 843."

Thereafter, the IRS assessed a $500 frivolous return penalty against the plaintiffs, which remains unpaid.

## STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure must be granted where a plaintiff has failed to establish subject matter jurisdiction. Golden Hill Paugussett Tribe of Indians v. Weicker, 839 F. Supp. 130, 136 (D. Conn. 1993). In analyzing a motion to dismiss under this rule, the court must accept all well pleaded factual allegations as true and must draw all reasonable inferences in favor of the plaintiff. Capitol Leasing Co. v. F.D.I.C., 999 F.2d 188, 191 (7th Cir. 1993). Where a defendant challenges subject matter jurisdiction, the court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits. Antares Aircraft, L.P. v. Federal Republic of Nigeria, 948 F.2d 90, 96 (2d Cir. 1991).

## DISCUSSION

The IRS moves to dismiss the complaint, arguing that "there is no basis for the plaintiffs' claim that the [IRS] violated legal and administrative procedures in processing their 'claim

for refund,' because the frivolous documents which the plaintiffs submitted . . . do not constitute a valid claim for refund." Specifically, the IRS argues that the plaintiffs' claim for refund was not valid because "it was not a 'properly executed' return as required by the Treasury Regulations [as] . . . it was replete with zeroes in response to all inquiries except the amount of refund claimed." Because the plaintiffs did not submit a valid claim for refund, the IRS therefore asserts that the court is without subject matter jurisdiction to hear this case.

The plaintiffs respond that their claim for refund is valid, even if frivolous. Specifically, the plaintiffs note that the Internal Revenue Manual states that a frivolous return "constitute[s] a valid return when the [IRS] is able to process the return." Internal Revenue Manual 20.1.10.9 (08-12-1998). The plaintiffs therefore contend that because the IRS was able to process their claim for refund, their claim is valid. The plaintiffs further argue that the validity of their refund claim is irrelevant because the action is "not a suit to determine any disputed tax liability of [the] plaintiffs," but is "an action to secure [the] plaintiffs' due process rights." In this regard, the plaintiffs contend that "[t]here is no provision within the statutes or regulations which allows the IRS to process a

5

frivolous return with any less regard for due process rights than a non-frivolous return."

As a threshold issue, the court does not agree with the plaintiff that this is "not a suit to determine any disputed tax liability." The complaint states that it is seeking, among other things, to "compel the IRS to either accept [the] plaintiffs' return as filed and issue [the] plaintiffs their lawful refund, or else to conduct a proper lawful examination . . . ." Because this is a suit to determine disputed tax liability, the court must determine threshold jurisdictional issues before examining the plaintiffs' due process claim.

Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit unless it consents to be sued. United States v. Dalm, 494 U.S. 596, 608 (1990). "Only by complying with the statutory requirements [set forth in 26 U.S.C. § 7422] regarding the filing of a claim for refund of purportedly overpaid taxes can a taxpayer invoke the waiver of governmental sovereign immunity." Porcaro v. United States, No. 99-CV-60406-AA, 1999 WL 1249329, at *4 (E.D. Mich. Oct. 25, 1999). Absent compliance, sovereign immunity remains intact and mandates that the refund action be dismissed. See, e.g., Kreiger v. United States, 539 F.2d 317, 320 (3d Cir. 1976).

6

26 U.S.C. § 7422 provides that:

> No suit shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

"This provision unequivocally requires the filing of a valid claim for refund with the IRS before a taxpayer may proceed with a suit in federal court." Porcaro, 1999 WL 1249329, at *4-5 (E.D. Mich.); see also Firsdon v. United States, 95 F.3d 444, 446 (6th Cir. 1996), cert. denied, 519 U.S. 1115 (1997) ("district court correctly observed that a refund claim filed with the IRS is a jurisdictional prerequisite to a refund action in the federal district court"); Vintilla v. United States, 931 F.2d 1444 (11th Cir. 1991); Little People's School, Inc. v. United States, 842 F.2d 570 (1st Cir. 1988); Longiotti v. United States, 819 F.2d 65 (4th Cir. 1987), cert. denied, 484 U.S. 985 (1987).

To qualify as a refund claim, the claim must be properly executed, see 26 C.F.R. § 301.6402-3(a)(5), and, at a minimum, identify each ground upon which a refund is claimed. See Charter Co. v. United States, 971 F.2d 1576, 1579 (11th Cir. 1992). In

Maruska v. United States, 77 F. Supp. 2d 1035 (D. Minn. 1999), the plaintiffs filed a 1040EZ income tax return and reported that they had no income by entering $0 for wages, salaries, and tips, even though their W-2 forms indicated otherwise. In an attachment to the 1040EZ, the plaintiffs explained their belief that they had no taxable income. Id. at 1036. The Maruska court, citing a plethora of Circuit authority, concluded that a return that is replete with zeroes in response to inquiries except the amount of refund claimed is not a properly executed return for purposes of the tax laws. Id. at 1038; see also United States v. Mosel, 738 F.2d 157, 158 (6th Cir. 1984) ("[I]t is not enough for a form to contain some information; there must also be an honest and reasonable intent to supply the information required by the tax code." (quoting United States v. Moore, 627 F.2d 830, 835 (7th Cir. 1980)).

The present case is indistinguishable from Maruska. The plaintiffs' 1040X, though reflecting the plaintiffs' original income figures supplied to the IRS in their 1997 W-2 forms, asserts that these figures were supplied in error and that the correct amount for each category, i.e., adjusted and gross incomes, itemized deductions, tax, credits, etc., is simply $0. While the plaintiffs have attached a 12-page supplement to their 1040X, explaining that they did not have to pay income taxes as

wage earners in the United States pursuant to 26 U.S.C. § 861, this argument is simply frivolous and has been uniformly rejected by other courts. See United States v. Bell, 238 F. Supp. 2d 696 (M.D. Pa. 2003) (the section 861 "argument is nonsensical. It rests purely on semantics and takes the regulations promulgated under section 861 out of context."). "It is well-established that wages or compensation for services constitute income and that individuals receiving income are subject to the federal income tax." Bell, 238 F. Supp. 2d at 700 (citing Central Illinois Public Service v. United States, 435 U.S. 21, 25 (1977)). The court therefore concludes that the plaintiffs have failed to show a valid claim.[1]

Because a prerequisite to jurisdiction is a valid claim for refund, and the plaintiffs have failed to make such a showing, the court concludes that it does not have jurisdiction to reach the merits of the plaintiffs' due process claim.

---

[1] The plaintiffs have argued that the claim is valid because, even if frivolous, the IRS was able to process it. While the Internal Revenue Manual, 20.1.10.9 (08-12-1998), states that a frivolous return "constitute[s] a valid return when the [IRS] is able to process the return," the provisions of the Internal Revenue Manual are "directory rather than mandatory, are not codified regulations, and do not have the force and effect of law." United States v. Upton, 967 F. Supp. 57, 59 (D. Conn. 1997).

## CONCLUSION

For the foregoing reasons, the motion to dismiss (document no. 22) is GRANTED.

It is so ordered this 2nd day of August, 2004 at Hartford, Connecticut.

                                                        /s/ AVC

                                        Alfred V. Covello
                                        United States District Judge