UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 14th day of June, two thousand and five.

PRESENT:

 JOSÉ A. CABRANES,
 REENA RAGGI,
  *Circuit Judges*,
 LEONARD B. SAND
  *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

KENNETH F. DEYO, JR., MARLENE A. DEYO,

 *Plaintiff-Appellant*,

v.               No. 04-5287-cv

IRS, OFFICE OF TREASURY INSPECTOR GENERAL FOR TAX ADM,

 *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**APPEARING FOR APPELLANT:** KENNETH F. DEYO, *pro se*, Wolcott, CT

**APPEARING FOR APPELLEE:** ROBERT L. BAKER, Attorney, Tax Division, Department of Justice (Jonathan S. Cohen, Attorney,

---

[*] The Honorable Leonard B. Sand, United States District Judge for the Southern District of New York, sitting by designation.

1

>Tax Division, Department of Justice, and Eileen J. O'Connor, Assistant Attorney General, *of counsel*; Kevin J. O'Connor, United States Attorney for the District of Connecticut, *on the brief*), Washington D.C.

Appeal from a judgment of the United States District Court for the District of Connecticut (Alfred V. Covello, *Judge* ).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellants Kenneth F. Deyo, Jr. and Marlene A. Deyo appeal an August 3, 2004 judgment dismissing for lack of subject matter jurisdiction their claims seeking monetary, injunctive, and declaratory relief in connection with a tax refund request filed in March 2001. In their Amended U.S. Individual Income Tax Return (Form 1040X) for 1997, plaintiffs entered a value of zero in the fields for adjusted gross income, taxable income, and amount of tax owed. In supporting documents, plaintiffs articulated a familiar, uniformly-rejected tax protestor argument—namely, that income earned entirely within the United States is not subject to taxation because it is not specified as a "taxable source" under 26 U.S.C. § 861.[1]

On appeal, plaintiffs first challenge the District Court's ruling that plaintiffs filed an invalid tax refund claim and thereby failed to satisfy the requirements of 26 U.S.C. § 7422(a), which specifies the conditions under which plaintiffs may bring suit in federal court "for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected." Specifically, plaintiffs assert that their tax refund claim was valid and "properly executed" within the meaning of 26 C.F.R. § 301.6402-3(a)(5) because (1) the IRS was able to process their claim; (2) the claim contained sufficient information for the IRS to evaluate the merits of their request; and (3) frivolous claims are not *per se* invalid.

Plaintiffs further assert without elaboration that the District Court has jurisdiction to consider their non-monetary, due process claims "under the Fifth and Sixth Amendments to the Constitution of the United States and under U.S.C. Title 5 section 701 et seq."

We review *de novo* the District Court's ruling that it lacked subject matter jurisdiction. *Scherer v. Equitable Life Assur. Soc'y*, 347 F.3d 394, 397 (2d Cir. 2003). The District Court correctly held that the filing of a valid refund claim with the IRS is a jurisdictional prerequisite for a refund action in federal district court. *Magnone v. United States*, 902 F.2d 192,193 (2d Cir. 1990)(per curium); *Rosenbluth Trading, Inc. v. United States*, 736 F.2d 43, 47 (2d Cir.

---

[1] As the District Court correctly noted, courts have consistently rejected the claim that wages are not "income" within the meaning of 26 U.S.C. § 861. *See, e.g.*, *Connor v. Connecticut*, 770 F.2d 17 (2d Cir. 1985).

1984).   Absent compliance with the statutory requirements set forth in 26 U.S.C. § 7422(a) regarding the filing of a valid claim for refund, plaintiffs were unable to invoke the waiver of governmental sovereign immunity.  *United States v. Dalm*, 494 U.S. 596, 608-10 (1990).  For substantially the reasons stated by the District Court in its ruling on August 2, 2004, we conclude that the District Court lacked jurisdiction to hear plaintiffs' suit.

We have considered all of plaintiffs' arguments on appeal, and we find each of them to be without merit.  Accordingly, we **AFFIRM** the judgment of the District Court.

        FOR THE COURT,

        Roseann B. MacKechnie, Clerk of Court

        By _____